# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MENSAH CONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00524-JCH |
| | ) | |
| TOWNSEND, TOMAIO, | ) | |
| & NEWMARK, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Mensah Cone for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. (Docket No. 1 at 5). He names the law firm of Townsend, Tomaio, & Newmark, LLC and attorney Gregory Pasler as defendants. (Docket No. 1 at 3). The complaint is typewritten and not on a Court-provided form. It is 253-pages long, with ten separate causes of action containing a total of 214 counts. Eight exhibits are

also attached.[1] The exhibits include a copy of the retainer agreement between plaintiff and defendants, a payment schedule, an excerpt from a trial transcript, a court order granting defendants an attorney's lien, an email from a law clerk, two affidavits in which plaintiff purports to recreate transcripts from court hearings, and a letter from plaintiff to the Superior Court of New Jersey.

In the complaint, plaintiff alleges that defendants are "debt collectors" for purposes of the FDCPA. (Docket No. 1 at 6). The debt arose from legal services provided by defendants in plaintiff's complaint for divorce, which was filed in the Superior Court of New Jersey, Chancery Division, Essex County. (Docket No. 1 at 11). Specifically, plaintiff entered into an "Agreement to Provide Legal Services" with defendants on August 11, 2017. (Docket No. 1-1 at 3). The agreement provided for an initial retainer of $15,000, and an incremental retainer of $5,000. (Docket No. 1-1 at 4). With the exception of certain anticipated costs, the agreement required plaintiff to make payment within ten days of receiving an invoice showing a balance due. (Docket No. 1-1 at 7). The agreement provided that plaintiff would pay 12% simple interest on any overdue balance. Plaintiff signed this agreement. (Docket No. 1-1 at 9).

Initially, plaintiff made payments to defendants, including the initial trial retainer. (Docket No. 1 at 14; Docket No. 1-1 at 15). At some point, however, defendants began contacting plaintiff with regard to additional payments for work that had been done. (Docket No. 1 at 82-83). More precisely, plaintiff alleges that defendants sent "in excess of thirty…money demands" to him "through electronic wire." Defendants also attempted to arrange at least a partial payment of his

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

legal fees. (Docket No. 1 at 84-85). Plaintiff was advised that if he did not make a partial payment, he would be asked to sign a substitution of attorney. (Docket No. 1 at 85). Thereafter, defendants would "pursue all actions to collect on the outstanding balance."

Ultimately, defendants filed a motion to be relieved as plaintiff's counsel. (Docket No. 1 at 88). Defendants also petitioned for an attorney's lien against plaintiff in the Superior Court of New Jersey. (Docket No. 1-1 at 24). On January 28, 2021, the Superior Court granted defendants an attorney's lien against plaintiff for $265,150.70. (Docket No. 1 at 72; Docket No. 1-1 at 25). The amount represented the value of unpaid services, as well as the interest set forth in the agreement. (Docket No. 1-1 at 25).

Plaintiff alleges that defendants' efforts to collect their attorney's fees violated the FDCPA. In particular, he presents ten separate causes of action under the FDCPA, encompassing 214 counts.

First, in counts 1 through 4, plaintiff asserts a violation of 15 U.S.C. § 1692c. (Docket No. 1 at 110-112). He accuses defendants of communicating with a third party "in connection with the collection of [his] debt," without his consent. Specifically, plaintiff states that defendants communicated with three separate attorneys from the law firm of Rivkin Radler, LLP, and with the Superior Court of New Jersey.

Second, in counts 5 through 51, plaintiff accuses defendants of violating 15 U.S.C. § 1692d. (Docket No. 1 at 113-117). He does not provide any facts, but simply states that defendants "harassed and abused" him "through electronic communications…for money demands," and by taking legal action against him to recover the debt.

Third, in counts 52 to 137, plaintiff alleges a violation of 15 U.S.C. § 1692e. (Docket No. 1 at 118-168). These 85 counts consist of various complaints. Count 52 asserts that defendants

provided false representation "by giving testimony for the adversary in open court." (Docket No. 1 at 118). In counts 53 to 55, plaintiff declares that defendants possessed "no bond relative to debt collection efforts." (Docket No. 1 at 118-120). Count 56 alleges false representation during an email exchange, which plaintiff terms a "collateral agreement," while in counts 57 through 58, he states that false representation was involved in the agreement he signed with defendants. (Docket No. 1 at 120-121). Similarly, in counts 59 through 61, plaintiff contends that defendants' substitution of attorney form created a "false impression." (Docket No. 1 at 121-123). Finally, in counts 62 to 137, plaintiff concludes there were false representations in the invoices defendants sent to him. (Docket No. 1 at 123-168).

Fourth, in counts 138 to 179, plaintiff alleges a violation of 15 U.S.C. § 1692e(2). More precisely, he states that defendants used electronic communications in order to convey false, deceptive, and misleading representations about the character or amount of debt that he owed. (Docket No. 1 at 168-169).

Fifth, in counts 180 to 195, plaintiff again contends that defendants violated 15 U.S.C. § 1692e in a variety of ways. (Docket No. 1 at 169-177). For instance, in count 181, plaintiff complains that defendants used false representations to petition for a "charging lien" against him in the Superior Court.[2] (Docket No. 1 at 170). Likewise, he states that defendants used false representations in filing and serving a reply certification, a certification of attorney services, a notice of cross-motion, and a notice of motion to modify plaintiff's child support obligation, as well as by conveying to him a copy of the Superior Court's order entering an attorney's lien against him. (Docket No. 1 at 171-177).

---

[2] A "charging lien" refers to "an attorney's right to have the fees and costs due the attorney for services in a suit secured out of the judgment or recovery in that suit." *In the Matter of Crisp*, 92 B.R. 885, 891 (Bankr. W.D. Mo. 1988).

Sixth, in counts 196 and 197, plaintiff asserts a violation of 15 U.S.C. § 1692e(5), arguing that defendants made threats to him that were not legally actionable. (Docket No. 1 at 177-178). These two counts are premised on the fact that defendants advised plaintiff that they would file a motion to be relieved as counsel, and pursue all actions to collect on the outstanding balance, if plaintiff did not make at least a partial payment.

Seventh, in counts 198 through 200, plaintiff alleges a violation of 15 U.S.C. § 1692f, regarding unfair practices. (Docket No. 1 at 179-182). These "unfair practices" apparently relate to payment requests made by defendants. Eventually, plaintiff states that he made certain payments to defendants "under duress."

Eighth, in count 201, plaintiff states that defendants violated 15 U.S.C. § 1692g, regarding the validation of debts. (Docket No. 1 at 182-183). Plaintiff alleges that defendants did not establish initial communication with or provide written notice to him as to the debt amount prior to June 10, 2020. On June 10, 2020, defendants served him with an order to show cause.

Ninth, in counts 202 to 213, plaintiff insists that defendants used deceptive forms in contravention of 15 U.S.C. § 1692j. (Docket No. 1 at 183-191). His chief argument in support of this position appears to be a minor difference in the caption of the complaint for divorce and the caption of subsequent legal filings. More to the point, plaintiff states that the divorce complaint caption reads "MENSAH CONE, Plaintiff v. VALERIA CONE, Defendant," while defendants filed legal documents in which the caption reads "MENSAH CONE, Plaintiff vs. VALERIA CONE, Defendant." In other words, plaintiff finds deceptiveness in the use of "vs." for versus, rather than "v."

Finally, in count 214, plaintiff asserts that because of defendants' violations of the FDCPA, he has sustained actual damages and is entitled to relief. (Docket No. 1 at 192). He seeks an order

permanently enjoining defendants from enforcing the attorney's lien issued by the Superior Court of New Jersey. (Docket No. 1 at 193). Plaintiff also requests an unspecified amount of damages.

Following the submission of his complaint, plaintiff filed six exhibits and a cover letter relating to the removal of a New Jersey case identified as Case Number A-001858-20. (Docket No. 8). The six exhibits include a notice of filing stamped by the Superior Court of New Jersey, Appellate Division; a certified mail receipt of the notice of removal to the Superior Court of New Jersey, Appellate Division; a stamped submission of plaintiff's notice of removal; a copy of the order entering an attorney's lien against plaintiff and in favor of defendants; a printout of email exchanges between plaintiff and the appellate court case manager; and an order from the Superior Court of New Jersey, Appellate Division, denying plaintiff's motion for transcripts at public expense.

On June 29, 2021, plaintiff submitted a document titled "Judicial Notice." (Docket No. 9). The caption indicated that it was intended for the United States Court of Appeals for the Eighth Circuit, but plaintiff filed it with this Court. He also copied the Federal Bureau of Investigation, the Missouri Attorney General's Office, the Administrative Hearing Commission, the St. Louis Circuit Attorney, the United States Attorney, and Supreme Court Justice Brett Kavanaugh. (Docket No. 9 at 2). In this document, plaintiff complains about "the delay and/or denial in the docketing of the Notice of Removal and supporting documents submitted to the U.S. District Court for the Eastern District of Missouri on or about May 21, 2021 and forwarded to the U.S. Court of Appeals for the 8th Circuit." (Docket No. 9 at 3). Parts of the document appear to consist of a contract in which plaintiff purports to bind "respondents" and to hold them liable if they failed to respond within seven days. (Docket No. 9 at 8-9).

On August 6, 2021, plaintiff filed a document titled "Notice of Attorney No Authority, Notice of Valeria Cone, Defendant's Waiver of Transfer of Marital Property Deed Under Judgment of Divorce, Notice of Default Opportunity to Cure." (Docket No. 10). As before, this document was sent to this Court, along with the United States Court of Appeals for the Eighth Circuit, the Federal Bureau of Investigation, the Missouri Attorney General's Office, the Administrative Hearing Commission, the St. Louis Circuit Attorney, and the United States Attorney. Plaintiff purports to provide notice to the aforementioned respondents that they are "in default of an opportunity to respond to the Contract" that he had earlier submitted. (Docket No. 10 at 4). Ultimately, he seeks to have his notice of removal docketed, though he also presents interrogatories and requests for admissions.

On August 17, 2021, plaintiff filed a document titled "Notice Re: Impossibility." (Docket No. 11). In this so-called "notice," he states that "certain requirements for attorneys" do not apply to him. Plaintiff also includes a series of somewhat puzzling statements, including "Mensah Cone is not a person," "Mensah Cone is not the agent for MENSAH CONE," Mensah Cone is not the representative for MENSAH CONE," and "Mensah Cone is not the fiduciary for MENSAH CONE." (Docket No. 11 at 2-3). He therefore concludes that it is impossible for him to complete a "disclosure statement."

### Discussion

Plaintiff is a self-represented litigant who brings this civil action under the FDCPA against defendants Townsend, Tomaio, & Newmark, LLC and attorney Gregory Pasler. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court must dismiss this action without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**A.  The FDCPA**

Plaintiff purports to bring this action under the FDCPA, alleging ten separate causes of action under its provisions. "The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). As the United States Court of Appeals for the Eighth Circuit has explained:

> In the typical debt collection scenario, a creditor such as a retailer or credit card company originates consumer debt and initially seeks to collect the debt if the consumer does not pay on time. If the debt becomes seriously overdue, the originating creditor contracts with an independent debt collector, who too often engaged in a myriad of abusive collection practices that Congress sought to restrict or prohibit in the FDCPA.

*Reygadas v. DNF Associates, LLC*, 982 F.3d 1119, 1121-1122 (8th Cir. 2020). To effect this purpose, the FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *See Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) (stating that "[t]he FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices").

In passing the FDCPA, "Congress sought to prevent abusive practices including threats of violence; the publishing of shame lists; harassing or anonymous telephone calls; impersonating a government official or attorney; obtaining information under false pretenses; and collecting more than is legally owing." *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir. 2014). To that end, the FDCPA prohibits a number of different debt collection practices. *See Nelson v. Midland Credit Mgmt., Inc.*, 828 F.3d 749, 751 (8th Cir. 2016). For instance, a debt collector is not allowed to "engage in any conduct the natural consequence of which is to harass, oppress, or abuse

any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The FDCPA also generally prohibits debt collectors from using any false, deceptive, or misleading representation or means in debt collection. *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 694 (8th Cir. 2017). *See also* 15 U.S.C. § 1692e. Furthermore, a debt collector is not allowed to use unfair or unconscionable means in order to collect or attempt to collect a debt. 15 U.S.C. § 1692f. *See also Klein v. Credico, Inc.*, 922 F.3d 393, 397 (8th Cir. 2019).

**B.  Defendants are Not "Debt Collectors" Under the FDCPA**

"The FDCPA imposes civil liability only on debt collectors, as they are defined by the statute." *Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 950 (8th Cir. 2006). *See also Lester E. Cox Medical Center, Springfield, Mo. v. Huntsman*, 408 F.3d 989, 992 (8th Cir. 2005) ("Designation as a debt collector is the starting point for liability under the [FDCPA]"). Pursuant to the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Supreme Court has termed this provision the "primary definition" of "debt collector." *Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct. 1029, 1036 (2019). For the purposes of § 1692a(6), "debt collector" also encompasses "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). The Supreme Court has referred to this as the "limited-purpose definition" of "debt collector." *Obduskey*, 139 S.Ct. at 1036.

"Because Congress's focus was on the practice of independent debt collectors, the statute excludes from the definition of 'debt collector' any creditor 'collecting his own debts' using his

10

own name, and employees and affiliates 'collecting debts for such creditor.'" *Reygadas*, 982 F.3d at 1122. That is, under 15 U.S.C. § 1692a(6), a person must "attempt to collect debts owed *another* before [they] can ever qualify as a debt collector." *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1724 (2017) (emphasis in original). If a person is not collecting another's debts – that is to say, if the person is merely a creditor – that person is not regulated by the FDCPA. *See Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (explaining that "a distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all"). Thus, a plaintiff cannot maintain an action under the FDCPA unless the person being sued qualifies as a "debt collector" under the statute. *See Duhart v. LRAA Collections*, 652 Fed. Appx. 483, 484 (8th Cir. 2016) (affirming summary judgment in favor of defendant, because defendant "was attempting to collect its own debt").

In this case, plaintiff has not presented any facts demonstrating that defendants are "debt collectors" governed by the FDCPA. With regard to the "primary definition" of "debt collector," plaintiff has not established that defendants' principal business purpose is the collection of any debt, or that defendants regularly collect or attempt to collect debts owed to another. As to the "limited-purpose definition" of "debt collector," plaintiff does not allege that defendants use "any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."

Rather than show that defendants are "debt collectors" under the FDCPA, plaintiff's own facts and exhibits demonstrate that they do not fit the statutory definition. First, plaintiff clearly states that defendants are a law firm and lawyer respectively, and that he engaged their legal services for the purpose of representing him in his divorce. He does not argue – nor would his facts support – the proposition that defendants' principal business purpose is collecting debts. Second,

11

a person or business must "attempt to collect debts owed *another* before [they] can ever qualify as a debt collector." Here, plaintiff readily admits that defendants were attempting to collect a debt owed to *them*, not to a third party. The facts reveal that defendants billed plaintiff for legal services they performed themselves, and then attempted to collect those outstanding fees by invoicing plaintiff, and ultimately petitioning for an attorney's lien. There is no indication that defendants used any name other than their own in their efforts to collect the unpaid legal fees. At most, defendants qualify as a "creditor," in the sense that a debt was owed to them. Creditors, however, are not regulated by the FDCPA.

In short, plaintiff signed an agreement with defendants to represent him in a New Jersey divorce action. The "debt" at issue is comprised of the fees generated by defendants for working on plaintiff's case, and that were never paid. Defendants then made efforts to collect those fees, to which plaintiff objects. Based on the foregoing, it is obvious that defendants are not the "independent debt collectors" that Congress focused upon when creating the FDCPA. Leaving aside plaintiff's oft-conclusory allegations about harassment, abuse, and false representation, defendants were collecting their own debts using their own name, and are accordingly excluded from the statutory definition of "debt collector." Simply put, the FDCPA does not govern defendants' actions.

As noted above, the Court must dismiss any case filed in forma pauperis if it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). In this case, plaintiff asserts numerous violations of the FDCPA. Despite presenting hundreds of separate counts, plaintiff has not adduced any facts showing that defendants are covered by the Act. Quite to the contrary, plaintiff's own allegations and exhibits demonstrate plainly that defendants are not "debt collectors" as defined by the FDCPA, and are therefore not governed by the FDCPA's provisions.

12

Because defendants are not governed by the FDCPA, it cannot be said that they violated it. Consequently, plaintiff has not stated a FDCPA claim. Moreover, because plaintiff has not presented any allegations outside the FDCPA, he has not stated any claim whatsoever sufficient to pass initial screening under § 1915. For these reasons, this action must be dismissed without prejudice.

### C. Notice of Removal

After submitting his complaint, plaintiff filed a number of documents regarding the removal of his case from New Jersey state court to federal court. Federal law provides a procedure for removing both civil and criminal actions. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions); and 28 U.S.C. § 1455 (procedure for removal of criminal prosecutions). Generally, however, removal jurisdiction is limited, and the vindication of an individual's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).

To remove a civil action from state court to federal court, a defendant must "file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). However, "[a] defendant may remove a state law claim to federal court only if the action originally could have been filed there." *See In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010). *See also Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) ("A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there").

In this case, plaintiff has filed documents that the Court has construed as an attempt to file a notice of removal. Removal to the Eastern District of Missouri, however, is inappropriate. As noted above, a signed notice of removal must be filed "in the district court of the United States *for the district and division within with such action is pending*." *See* 28 U.S.C. § 1446(a) (emphasis added). Plaintiff appears to want to remove a civil case from a state court of New Jersey. Leaving aside whether he has otherwise complied with 28 U.S.C. § 1446, or whether he has adequate grounds for seeking removal, any notice of removal would have to be filed in the United States District Court for the District of New Jersey, Newark Division, which is the federal judicial district in which plaintiff's case is pending. Therefore, to the extent that plaintiff is seeking to file a notice of removal here, that request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's notice of removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this _18th_ day of _October_, 2021.

_____\s\_ Jean C. Hamilton_____
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

14